## Harlan *v.* Moriarty.

C was garnisheed in an attachment suit against M, and in his answer it appeared, that he had collected funds belonging equally to B and M; that both of them claimed the whole amount, but as they had assigned the claim to him, and he believed the assignment vested in him the money, he divided the amount equally in two packages, placing each by itself; that he had paid to B his half, who at the same time demanded the other half, which he held subject to the order of M; held that the funds remaining in C's hands were subject to the payment of M's debts.

*Error to Johnson District Court.*

*Opinion by* Kinney, J. The plaintiff in error sued Moriarty by attachment before a justice of the peace, and garnisheed John M. Coleman. Coleman in reply to the

interrogatory, whether he had any money or property in his hands at the time he was garnisheed belonging to Moriarty, answered that a certain claim of Ballard & Moriarty against the government of the United States, for publishing land sales in the Iowa Republican, was forwarded to the commissioner of the general land office, assigned to him by said Ballard & Moriarty, amounting to the sum of $144,00. The whole amount was claimed by said Ballard, and also by said Moriarty respectively, and believing the assignment to vest in him the money, he determined to divide it equally between the parties, after deducting $12,00 which Moriarty had directed him to pay one Eliza J. Jones. That he put up $72,00 in one package, and $60,00 in another, on the evening of the day of service of the said attachment, and offered the said Ballard the $72,00 which he refused to receive without the whole, saving the $12,00 for Mrs. Jones, which he consented witness might retain. That on the evening of the same day after the service of the attachment, Ballard consented to receive the $72,00 demanding at the same time the balance in his hands. The balance witness states, to be $60,00, after deducting the $12,00 as aforesaid. That in the letter to him from Moriarty, he directed him to pay in addition to the $12,00, $10,00 to Gen. Morris and forward the balance.

Upon this testimony, the justice rendered a judgment in favor of Harlan for the sum of sixteen dollars, and sixty six and two third cents against the said Coleman, as garnishee, as part and parcel of the said sum of $60,00, and ordered that the same be credited on the judgment of James Harlan against Peter Moriarty. The balance of $60,00, having been applied on the judgment of *James Robinson* v. *Peter Moriarty*.

From this judgment, Coleman appealed to the district court.

A motion was made and sustained in the district court, to dismiss the garnishment, and an order entered discharging the garnishee and requiring the money paid over by

said Coleman, in the hands of the clerk, to be returned to him. Whereupon, Harlan sued out a writ of error, and assigns for error this decision of the court.

We believe this assignment to be well made. By the decision of the court discharging the garnishee and refunding to him the money, the court has evidently treated the assignment of Ballard & Moriarty, as made for the use and benefit of said Coleman, and the money collected upon it as legally belonging to him, whereby Coleman, as is evidently disclosed by his testimony, did not so consider it. He was willing to divide the money equally between the parties, to pay Moriarty's orders out of the amount belonging to him, and did pay over to Ballard $72,00, being half of the money, on the day of the service of the attachment. The money was divided and put into separate packages, and it is highly probable from his statements, if he had not been garnisheed, the portion belonging to Moriarty, would in pursuance of his orders have been forwarded to him. We can come to no other conclusion from the testimony of Coleman, than that the assignment was merely to enable him to collect the money, and that in so doing he was acting as the trustee of Ballard & Moriarty, and that the funds when collected, belonged to both in equal proportions.

But the argument assumed in this court by the counsel for the defendant in error is, that the money in the hands of Coleman, if it does not belong to him, is partnership money belonging to Ballard & Moriarty, and not liable to attachment or garnishment. That the *interest* of Moriarty in the partnership fund, could alone be attached. The rule is well settled, that when two or more individuals own an undivided interest in property, and attachment or execution issue against one of them, the *interest* of the debtor in the property, and not the specific article, can alone be seized and sold. The necessity of this rule is, *First*, The legal indivisibility of many kinds of property, and *Second*, The hardship and injustice to the co-owner of an absolute severance of the interest without his consent.

But under our statute, in case of garnisheeing or attaching money in the hands of a third person, susceptible as it is of a perfect division, the reason and necessity of the rule ceases, and although another person may own a portion of the money, we know of no reason why the money itself belonging to the debtor, is not as much the subject of garnishment as the *interest* which the debtor may have in it, and especially when that interest is clearly defined and made known by dollars and cents.

In this case, Moriarty had not an undefined and indefinite *interest* in the funds in Coleman's hands. He was entitled from the testimony of the garnishee to $60,00, or nothing. The money had been divided, and Ballard had received his proportion, and the residue Coleman treated as Moriarty's. There is no evidence to show that Ballard was entitled to more than he obtained, neither is it contended, that the division did not mete out ample justice to the parties. The contest for this money is not between Ballard & Moriarty, but between Coleman and Moriarty (or Moriarty's creditor.) If the money belonged to Moriarty, and was so set apart by Coleman, as is conclusive from his testimony to have been the case, it was liable under the statute while in Coleman's hands to the payment of Moriarty's debts, and Coleman could no more resist the demands of the law upon it, than the demand of Moriarty himself. As the case is presented to us, we think the court erred in dismissing the garnishment, and ordering the money to be refunded to Coleman.

Judgment reversed.

*C. Bates*, for plaintiff in error.

*W. Penn. Clark*, for defendant.